Peelle, Ch. J.,
delivered the opinion of the court:
The claimant, a first lieutenant in the United States Marine Corps, retired, was, on April 24, 1909, assigned by the Secretary of the Navy to active duty under the act of April 23, 1904 (33 Stat. L., 264), and was appointed a member of a general court-martial convened at the navy yard, Washington, D. C., which court was dissolved June 3, 1909, of which the claimant was advised, and he was paid active-duty pay during said period of service, but no specific order was issued detaching him from such active duty.
Thereafter on March 25, 1910, the claimant was again appointed a member of a general court-martial ordered to convene at Port Royal, S. C., April 4, 1910, which court was dissolved April 11, 1910, of which the claimant was advised, and he was paid active-duty pay during the time of such service, though no specific order was issued detaching him from such active duty.
The claimant’s contention is that for want of official orders relieving or detaching him from active duty he is entitled to active-duty pay from June 3, 1909, to the date of filing his petition herein, January 10, 1911, except during the time he was serving on the court-martial at Port Royal, S. C., for which period of time he was paid active-duty pay.
The act under which the claimant was assigned to such active duty, so far as material here, is as follows:
*556 “And the Secretary of War may assign retired officers of the Army, with their consent, to active duty in recruiting for service in connection with the Organized Militia in the several States and Territories upon the request of the governor thereof, as military attaches, upon courts-martial, courts of inquiry, and boards, and to .staff duties not involving service with troops, and such officers while so assigned shall receive the full pay and allowances of their respective grades.”
This act is the authority for the Secretary of War to assign officers of the Army, with their consent, to active duty; “ and such officers while so assigned shall receive the full pay and allowances of their respective grades.” That is to say, under the act such officers may be assigned to active duty, and for the period of active duty such officers are entitled to “ receive the full pay and allowances of their respective grades.”
The act does not indicate by what method the Secretary of War may assign such officers to active duty; but assuming that such assignments are to be governed by the ordinary practice applicable to the assignment of officers to duty in the Army there is no provision in the act requiring a formal order detaching or relieving them from such active duty, nor do we think it necessary.
In the present case the claimant was assigned to active duty as a member of a general court-martial, and when that duty ended the order assigning him to active duty had spent its forces. His normal status was that of an officer on the retired list, and when the active duty to which he was assigned ended he was bound to know it, and he thereby resumed his normal status.
A question akin to this arose in the case of Haines v. The United States (43 C. Cls., 450, 467), except that there the claimant was on the active list in the Engineer Corps, United States Army, and was by authority of an act of Congress appointed bj? the President as a member of the Isthmian Canal Commission to investigate and report to the President the most practical route for the canal across the Isthmus of Panama, for which the act provided a salary for each member of the commission of $1,000 per month. It was held that the claimant’s appointment ended when the work of the com *557 mission ended and a report thereof was made to the President, in respect of which the court said:
“ The claimant’s employment under the act was for a special purpose; and when he and his associates had made a report to the President the purpose of their employment therewith ended, and hence no compensation can be allowed for any time subsequent to the making of the report to the President.”
In the present case tho court-martial was dissolved, and consequently the service to which the claimant had been assigned thereby ended, and, as before stated, without any specific order therefor he resumed his normal status as an officer on the retired list.
For the reasons stated the petition is dismissed.
Howry, J., was not present when this case was heard and took no part in its decision.